**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
RODOLFO GODOY,                      :
                                    :   Civil Action No. 11-3754 (NLH)
         Petitioner,                :
                                    :
     v.                             :      **O P I N I O N**
                                    :
WARDEN DONNA ZICKEFOOSE,             :
                                    :
         Respondent.                :
_____:


**APPEARANCES:**

| | |
|---|---|
| Petitioner pro se | Counsel for Respondent |
| Rodolfo Godoy | Daniel Shay Kirschbaum |
| #38570-018 | Asst. U.S. Attorney |
| F.C.I. Fort Dix | 970 Broad Street |
| P.O. Box 2000 | Suite 700 |
| Fort Dix, NJ 08640 | Newark, NJ 07102 |

**HILLMAN**, District Judge

    Petitioner Rodolfo Godoy, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden Donna Zickefoose.

---

[1] Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Respondent filed an Answer to the Petition on November 4, 2011. The Court has reviewed all submissions. For the following reasons, the Petition will be denied.

## BACKGROUND

After a conviction on federal drug charges, Petitioner was sentenced on October 25, 2007, in the United States District Court, Middle District of Florida, to 120 months of incarceration followed by a 96-month term of supervised release. His projected release date is October 21, 2016.

Upon arrival into the Bureau of Prison's ("BOP") custody, Petitioner was assigned a Public Safety Factor ("PSF") of Deportable Alien, pursuant to the BOP's Program Statement 5100.08. Petitioner was given the PSF of Deportable Alien based on Petitioner's Presentence Investigation Report ("PSR"), which determined that Petitioner was a citizen of Cuba. The Immigration and Customs Enforcement Agency ("ICE") also lodged a detainer against Petitioner.

Petitioner admits that he is a citizen of Cuba. However, he argues that because Cuba refuses the return of citizens, he will not be deported. Therefore, he argues, he is a "non-deportable alien." (Petition, p. 4). Because of his PSF of Deportable Alien issued by the BOP, Petitioner is subject to increased security measures, including ineligibility for early release consideration under 18 U.S.C. § 3621(e)(2)(B). Petitioner

2

asserts that the BOP policy violates his constitutional rights, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, et seq.

Respondent counters that the BOP's issuance of the PSF of Deportable Alien is proper and should not be disturbed, and that Petitioner has no liberty interest in his place of confinement.

Petitioner has not filed a reply.

## DISCUSSION

### A.   Standard of Review

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   The Petition Will Be Denied.**

This Court agrees with Respondent that Petitioner's PSF was properly applied.  According to the BOP Program Statement 5100.08, Chap. 5, p. 9, the PSF of "Deportable Alien" applies to:

> A male or female inmate who is not a citizen of the United States this PSF applied.  When applied, the inmate or the long-term detainee shall be housed in at least a Low security level institution.
>
> The PSF shall not be applied, or shall be removed when the U.S. Immigration and Customs Enforcement (ICE) or the Executive Office for Immigration Review (EOIR) have determined that deportation proceedings are unwarranted or there is a finding not to deport at the completion of deportation proceedings. The Institution Hearing Program CMA of NO IHP or IHP CMP ND will then be applied. Additionally, the PSF shall not be applied if the inmate has been naturalized as a United States citizen.

In this case, Petitioner admits that he falls into the category of "deportable alien" due to his Cuban citizenship.  The fact that Petitioner cannot be deported is of no consequence. See e.g., Perez v. Lappin, 672 F. Supp.2d 35 (D.D.C. 2009) (Deportable Alien PSF as applied to Mariel Cuban did not violate Petitioner's constitutional rights or violate the Administrative Procedures Act).

Additionally, Petitioner's claim that his PSF classification deprives him of liberty without due process, in violation of the Fifth Amendment, must fail.  See, e.g., Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the

4

sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) ("We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. ... The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); Sandin v. Conner, 515 U.S. 742, 484 (1996) ("[Liberty interests conferred by government action] will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). See also Wilks v. Mundt, 25 Fed. Appx. 492, 2002 WL 113837 (8th Cir. Jan 30, 2002) (no liberty interest implicated by Sex Offender PSF).

    Petitioner's classification, and resultant ineligibility for certain BOP programming, does not impose on him an atypical and significant hardship.

Further, the exclusion of persons subject to a PSF of Deportable Alien from certain BOP programming does not violate the Equal Protection Clause.  Regulations such as those challenged here classify prisoners as those who are subject to custodial considerations (including those who have PSF status) and those who are not, not on the basis of alienage.  See McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999), cert. denied, 528 U.S. 1086 (2000).  Accordingly, "the Equal Protection Clause requires only that the classification rationally further a legitimate state interest."  See Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Excluding prisoners subject to PSFs or other custodial considerations from participation in programs involving custody issues is rationally related to the Bureau's legitimate interest in preventing such prisoners from fleeing.  See McLean, 173 F.3d at 1185-86.  Thus, the PSF and the program limits it triggers, do not violate the Equal Protection Clause.

Finally, by statute, the BOP's decision to assign a PSF is not subject to judicial review under the APA.  See 18 U.S.C. § 3625 ("The provisions of ... 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under [18 U.S.C. §§ 3621-26]."); see Burnam v. Marberry, No. 07-0097, 2008 WL 4190785, at *7 (W.D. Pa. Sept. 10, 2008) (concluding, alternatively, that the assignment of a PSF

"was made pursuant to [the BOP's] discretionary responsibilities regarding the designation of an inmate's place of imprisonment, and any subsequent transfers, bestowed on it under 18 U.S.C. § 3621(b)," and thus is not "subject to judicial review under Subsection 706(2)(A) of the APA"), aff'd, 313 Fed. Appx. 455 (3d Cir. 2009).

## **CONCLUSION**

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.


                                                s/ Noel L. Hillman
                                                NOEL L. HILLMAN
                                                United States District Judge

Dated: July 5, 2012

At Camden, New Jersey